# EXHIBIT A

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 11-1292

MIDDLESEX, ss

Gerald Malloy and Lisa Malloy, Individually
and as Parent and Next Friend of Ashley Malloy,
Matthew Malloy, Daniel Malloy and
Andrew Malloy, Plaintiff(s)

v.

Toys "R" Us, Inc. and
Fisher-Price, Inc., Defendant(s)

## SUMMONS

To the above-named Defendant: Toys "R" Us, Inc.

You are hereby summoned and required to serve upon David P. Dwork, Esquire .......... plaintiff's attorney, whose address is Barron & Stadfeld, P.C., 100 Cambridge Street, Suite 1310, Boston MA 02114 ........., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Middlesex Superior Court, 200 Trade Center, Woburn MA 01801 .......... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ...... Boston, Massachusetts ..........

the ...... 20th .......... day of ...... April ..........

.........., in the year of our Lord two thousand eleven.

A true copy Attest:
John Cotter
Deputy Sheriff Suffolk County

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................................................
..................................................................................................................................................
..................................................................................................................................................
..................................................................................................................................................

Dated: ............................................................................................, 20..........

**N.B. TO PROCESS SERVER:**
   PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( ................................................................... )
( ..............................................., 20.......... )
( ................................................................... )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX........, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION

No. 11-1292

Gerald Malloy and Lisa Malloy, Individually and as Parent and Next Friend of Ashley Malloy, Matthew Malloy, Daniel Malloy and Andrew Malloy................., Plff.

v.

Toys "R" Us, Inc. and Fisher-Price, Inc. ........................., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.  SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

GERALD MALLOY and )
LISA MALLOY, Individually and )
as Parent and Next Friend of Ashley )
Malloy, Matthew Malloy, Daniel )
Malloy and Andrew Malloy, )
    Plaintiffs )
v. )
)
TOYS "R" US, INC. and )
FISHER-PRICE, INC. )
    Defendants )

11-1292



## COMPLAINT AND JURY CLAIM

PARTIES

1. The plaintiff, Gerald Malloy, is an individual who resides in Winchester, Middlesex County, Massachusetts. He is married to the plaintiff, Lisa Malloy and is the father of the minor plaintiffs, Ashley Malloy, Matthew Malloy, Daniel Malloy and Andrew Malloy.

2. The plaintiff, Lisa Malloy, is in individual who resides in Winchester, Middlesex County, Massachusetts. She is the wife of the plaintiff, Gerald Malloy, and mother of the minor plaintiffs, Ashley Malloy, Matthew Malloy, Daniel Malloy and Andrew Malloy.

3. The defendant, Toys "R" Us, Inc., is a Delaware corporation with a principal place of business at 1 Geoffrey Way, Wayne, New Jersey, and with a registered agent in the Commonwealth of Massachusetts at Corporation Service Company, 84 State Street, Boston, 02109 Suffolk County, Massachusetts. Personal jurisdiction exists over the defendant Toys "R" Us, Inc. pursuant to the Massachusetts Long Arm Statute c. 223A, because Toys "R" Us, Inc. transacts business in the Commonwealth of Massachusetts.

1

4. The defendant, Fisher-Price, Inc., is a Delaware corporation, with a principal place of business at 636 Girard Avenue, East Aurora, NY and with a registered agent in the Commonwealth of Massachusetts at CT Corporation Systems, 101 Federal Street, Boston, Suffolk County, Massachusetts. Personal jurisdiction exists over the defendant, Fisher-Price, Inc., pursuant to the Massachusetts Long Arm Statute c. 223A, because Fisher-Price, Inc. transacts business in the Commonwealth of Massachusetts.

## FACTS

5. In or about September 2004, the plaintiff Gerald Malloy, purchased a "Power Wheels Thunder MX3" mini bike (hereinafter sometimes referred to as the "mini bike" or "the product") from the defendant, Toys "R" Us.

6. The Powers Wheels Thunder MX3 mini bike purchased by the plaintiff was a product manufactured and/or distributed by the defendant, Fisher-Price, Inc.

7. On or about April 23, 2008, the plaintiff Gerald Malloy had removed a tire from the MX3 mini bike to inflate it. He inflated the tire to the recommended pressure of 30 psi, using a tire gauge to measure the inflation. The tire remained on the ground while he cleaned the back of the mini bike to prepare to put the tire back on. As he reached over to grab the axle to the mini bike, the tire rim suddenly and unexpectedly "exploded" into his left arm.

8. As a result, the tire rim hit his left arm, lacerated the left forearm and broke his left ulna bone and injured the ulnar nerve.

9. As a result, Mr. Malloy sustained serious personal injuries requiring medical care and attention, incurred expenses for medical care and treatment, lost time from employment and was unable to engage in his usual activities.

10. The defendant, Toys "R" Us, Inc., at all times pertinent hereto, was engaged in the business of selling products such as the mini bike.

11. The defendant, Fisher-Price, Inc., at all times pertinent hereto, was engaged in the business of manufacturing, designing, distributing, advertising and/or selling the mini bike.

12. The defendant, Toys "R" Us, Inc. was negligent and careless in the design, manufacture, distribution, service, sale, assembly and/or supply of the product.

13. The defendant, Toys"R" Us, Inc. was obligated to distribute or sell the product so that it would be safe and free from defects and as such would be fit for all ordinary and reasonably foreseeable purposes.

14. The defendant, Fisher-Price, Inc. was negligent and careless in the design, manufacture, distribution, service and/or supply of the product, including its instructions and warnings.

15. The defendant, Fisher-Price, Inc. was obligated to distribute and sell the product so that it would be reasonably safe and free of defects and as such would be fit for all ordinary and reasonably foreseeable purposes.

16. The product in question was not of merchantable quality but was defective, unsafe and dangerous, which defects could not have been reasonably discovered by the plaintiff.

17. As a result, the plaintiff, Gerald Malloy, has suffered severe personal injuries including an open fracture of the left arm distal ulna, requiring surgery, as well as injury to the ulnar nerve, and as a result has incurred expenses for medical care and treatment, which will continue, has lost time from his employment and has been unable to engage in his usual activities.

18. As a direct and proximate result of the injuries sustained by the plaintiff, Gerald Malloy, the plaintiff, Lisa Malloy, and the minor plaintiffs Ashley Malloy, Matthew Malloy, Daniel Malloy and Andrew Malloy, have been deprived of the love, care, companionship and consortium of the plaintiff, Gerald Malloy.

## COUNT ONE

(Negligence v. Toys "R" Us, Inc.)

19. The Plaintiffs incorporate by reference the paragraphs set forth above as if set forth fully herein.

20. The Defendant, Toys "R" Us, Inc., owed certain duties to the Plaintiffs, including, but not limited to, the duty to provide a product free of design, manufacturing and assembly defects. Toys "R" Us, Inc. violated these duties, including, but not limited to, as follows:

    a. Toys "R" Us, Inc. was negligent in the testing, assembly, inspection, marketing, sale and distribution of the product;

    b. Toys "R" Us, Inc. negligently failed to warn the Plaintiff concerning the dangerous design, assembly and characteristics of said product;

    c. Toys "R" Us, Inc. negligently designed, assembled, and marketed a product which was unsafe while used in ways reasonably foreseeable and/or advertised by Toys "R" Us, Inc., and

      d.      Toys "R" Us, Inc. negligently placed said product in the channels of trade, when it knew or with reasonable care should have known said product to be dangerous and defective in nature and design or in a dangerous and defective condition, and in a manner which Toys "R" Us, Inc. foresaw or in the exercise of reasonable care should have foreseen would probably carry said product into contact with persons such as the Plaintiff, who were ignorant of the dangerous and defective nature and condition of said product, and negligently failed to use reasonable care to prevent injury to such persons, including the Plaintiff.

21.    As a direct and proximate result of Toys "R" Us, Inc. negligent distribution, sale, assembly and/or instillation of the product, the Plaintiff has suffered severe personal injuries, has incurred expenses for medical care and treatment which will continue, lost time from his employment, and he has been unable to engage in his usual activities.

WHEREFORE, the Plaintiff, Gerald Malloy, demands judgment against the Defendant, Toys "R" Us, Inc., together with interest and costs.

## COUNT TWO

(Breach of Warranty of Merchantability v. Toys "R" Us, Inc.)

22.    The Plaintiff incorporates by reference the paragraphs set forth above as if set forth fully herein.

23.    The defendant, Toys "R" Us, Inc., impliedly warranted that the product would be of merchantable quality and, as such, it would be free of defects and would be fit for all its ordinary and reasonably foreseeable purposes, which included use of the type that the plaintiff, Gerald Malloy, made of the product.

24. The defendant, Toys "R" Us, Inc. breached its warranty to the plaintiff in that the product was not or merchantable quality, but was unsafe, defective and unfit for its ordinary and foreseeable purposes.

25. Due notice has been given to the defendant, Toys "R" Us, Inc., of its breaches of warranty.

26. As a direct and proximate result of Toys "R" Us, Inc.'s breaches of warranty of merchantability as alleged, the Plaintiff has suffered severe personal injuries, has incurred expenses for medical care and treatment which will continue, lost time from her employment, and she has been unable to engage in his usual activities.

WHEREFORE, the Plaintiff, Gerald Malloy, demands judgment against the Defendant, Toys "R" Us, Inc., together with interest and costs.

## COUNT THREE

(Breach of Warranty of Fitness for Particular Purpose v. Toys "R" Us, Inc.)

27. The Plaintiff incorporates by reference the paragraphs set forth above as if set forth fully herein.

28. The plaintiff Gerald Malloy relied upon the skill and judgment of the defendant, Toys "R" Us, Inc. in furnishing a product that was suitable and safe for use the plaintiff Gerald Malloy was making of the product.

29. The defendant, Toys "R" Us, Inc., breached its warranty of fitness for a particular purpose to the plaintiff in that the product was unsafe, defective and unfit for the use the plaintiff, Gerald Malloy, was making of the product.

30. Due notice has been given to the defendant, Toys "R" Us, Inc. of its breaches of warranty.

31. As a direct and proximate result of Toys "R" Us, Inc.'s breaches of warranty of fitness for a particular purpose by the defendant, Toys "R" Us, Inc. as alleged, the plaintiff has suffered severe personal injuries, has incurred expenses for medical care and treatment which will continue, lost time from his employment, and he has been unable to engage in his usual activities.

WHEREFORE, the Plaintiff, Gerald Malloy, demands judgment against the Defendant, Toys "R" Us, Inc., together with interest and costs.

## COUNT FOUR

(Loss of Consortium v. Toys "R" Us, Inc.)

32. The plaintiffs incorporate by reference the paragraphs set forth above as if set forth fully herein.

33. As a direct and proximate result of the defendant Toys "R" Us, Inc.'s negligence, and breach of warranties, as alleged, the plaintiff, Lisa Malloy and the minor plaintiffs, Ashley Malloy, Matthew Malloy, Daniel Malloy and Andrew Malloy, have been deprived of the love, care and companionship and consortium, of the plaintiff, Gerald Malloy.

WHEREFORE, the plaintiff, Lisa Malloy, individually and as parent and next friend of Ashley Malloy, Matthew Malloy, Daniel Malloy and Andrew Malloy, demand judgment against the defendant, Toys "R" Us, Inc., together with interest and costs.

## COUNT FIVE

(Negligence v. Fisher-Price, Inc.)

34. The Plaintiffs incorporate by reference the paragraphs set forth above as if set forth fully herein.

35. The Defendant, Fisher-Price, Inc., as the manufacturer and/or distributor of the product, was under a legal duty to design, manufacture, test, advertise, market, and sell a product which was not unreasonably dangerous when used in the manner intended or in a manner reasonably foreseeable.

36. Fisher-Price, Inc. owed certain duties to the Plaintiff, including, but not limited to, the duty to provide a product free of design, manufacturing and assembly defects. Fisher-Price, Inc. violated these duties, including, but not limited to, as follows:

    a. Fisher-Price, Inc. was negligent in the design, development, testing, manufacture, assembly, inspection, marketing, sale and/or distribution of the product;

    b. Fisher-Price, Inc. negligently failed to warn, instruct, adequately warn or adequately instruct the Plaintiff concerning the dangerous design, assembly and characteristics of said product;

    c. Fisher-Price, Inc. negligently designed, assembled, manufactured, and/or marketed a product which was unsafe while used in ways reasonably foreseeable and/or advertised by Fisher-Price, Inc.; and

    d. Fisher-Price, Inc. negligently placed said product in the channels of trade, when it knew or with reasonable care should have known said product to be dangerous and defective in nature and design or in a dangerous and defective condition, and in a manner which Fisher-Price, Inc. foresaw or in the exercise of reasonable care should have foreseen would probably carry said product into contact with persons such as the Plaintiff, who were ignorant of the dangerous and defective nature and condition of said product, and negligently failed to use reasonable care to prevent injury to such persons, including the Plaintiff.

37. As a direct and proximate result of Fisher-Price, Inc.'s negligent design, manufacture, distribution and/or sale of the product, the Plaintiff has suffered severe personal injuries, has incurred expenses for medical care and treatment which will continue, lost time from his employment, and he has been unable to engage in his usual activities.

WHEREFORE, the Plaintiff, Gerald Malloy, demands judgment against the Defendant, Fisher-Price, Inc., together with interest and costs.

### COUNT SIX

(Breach of Warranty of Merchantability v Fisher-Price, Inc.)

38. The Plaintiffs incorporate by reference the paragraphs set forth above as if set forth fully herein.

39. The defendant Fisher-Price, Inc., impliedly warranted that the product would be of merchantable quality and, as such it would be free of defects and would be fit for all its ordinary and reasonably foreseeable purposes, which included use of the type the plaintiff. Gerald Malloy, was making of the product.

40. The defendant Fisher-Price, Inc. breached its warranty to the plaintiff in that the product was not of merchantable quality, but was unsafe, defective and unfit for its ordinary and foreseeable purposes.

41. Due notice has been given to the defendant Fisher-Price, Inc. of its breaches of warranty.

42. As a direct and proximate result of Fisher-Price, Inc.'s breach of warranty of merchantability as alleged, the Plaintiff has suffered severe personal injuries, has incurred expenses for medical care and treatment which will continue, lost time from his employment, and he has been unable to engage in his usual activities.

WHEREFORE, the Plaintiff, Gerald Malloy, demands judgment against the Defendant, Fisher-Price, Inc., together with interest and costs.

## COUNT SEVEN

(Breach of Warranty of Fitness for Particular Purpose v. Fisher-Price, Inc.)

43. The Plaintiff incorporates by reference the paragraphs set forth above as if set forth fully herein.

44. The plaintiff relief upon the skill and judgment of the defendant, Fisher-Price, Inc. in furnishing a product that was suitable and safe for the use the plaintiff, Gerald Malloy, was making of the product.

45. The defendant Fisher-Price, Inc. breached its warranty of fitness for a particular purpose to the plaintiff in that the product was unsafe, defective and unfit for the use the plaintiff Gerald Malloy was making of the product.

46. Due notice has been given to the defendant, Fisher-Price, Inc., of its breaches of warranty.

47. As a direct and proximate result of Fisher-Price, Inc.'s breach of warranty of fitness for particular purpose as alleged, the Plaintiff has suffered severe personal injuries, has incurred expenses for medical care and treatment which will continue, lost time from his employment, and he has been unable to engage in his usual activities.

WHEREFORE, the Plaintiff, Gerald Malloy, demands judgment against the Defendant, Fisher-Price, Inc., together with interest and costs.

## COUNT EIGHT

(Violations of Mass.G.L.c. 93A v. Fisher-Price, Inc.)

48. The plaintiffs incorporate by reference the paragraphs set forth above as if set forth fully herein.

49. The acts and practices of the defendant, Fisher-Price, Inc. with respect to its breaches of warranties, constitute unfair and deceptive acts and practices, in violation of Mass.G.L.c. 93A.

50. As a result of the defendant Fisher-Price, Inc.'s breaches of warranties and its related unfair and deceptive acts and practices, the plaintiff, Gerald Malloy, has suffered severe personal injuries, including an open fracture of the left arm, distal ulna, requiring surgery, as well as an injury to the ulnar nerve, and as a result has incurred expenses for medical care and treatment, which will continue, has lost time from his employment and has been unable to engage in his usual activities.

51. Due notice has been given to the defendant, Fisher-Price, Inc., of its breaches of warranties.

52. The plaintiffs made demand upon the defendant, Fisher-Price, Inc., on November 9, 2010, pursuant to M.G.L.c. 93A, and this defendant failed to make a tender offer reasonable in relation to the injuries actually suffered.

53. The acts and practices of the defendant, Fisher-Price, Inc., with respect to its breaches of warranties constitute unfair and deceptive acts and practices, and also willful and knowing violations of Mass.G.L.c. 93A.

54. The failure of the defendant, Fisher-Price, Inc. to grant relief after plaintiff made a demand pursuant to M.G.L.c. 93A on November 9, 2010, was made in bad faith and with knowledge or reason to know that the product was not fit either for all ordinary and reasonably foreseeable purposes or its particular purposes and that the product thereby breached its

warranties and the defendant, Fisher-Price, Inc.'s actions constitute prohibited unfair and deceptive acts and practices.

WHEREFORE, the plaintiff, Gerald Malloy demands judgment against the defendant, Fisher-Price, Inc., and that said damages be trebled, and that he also be awarded interest, costs and his reasonable attorneys fees.

## COUNT NINE

(Loss of Consortium v. Fisher-Price, Inc.)

55. The plaintiffs incorporate by reference the paragraphs set forth above as if set forth fully herein.

56. As a direct and proximate result of the defendant Fisher-Price's negligence, breaches of warranties and violations of M.G.L.c. 93A, as alleged, the plaintiff, Lisa Malloy and the minor plaintiffs Ashley Malloy, Matthew Malloy, Daniel Malloy and Andrew Malloy, have been deprived of the love, care, companionship and consortium of the plaintiff. Gerald Malloy.

WHEREFORE, the plaintiff, Lisa Malloy, individually, and as parent and next friend of Ashley Malloy, Matthew Malloy, Daniel Malloy and Andrew Malloy. demand judgment against the defendant, Fisher-Price, Inc., together with interest and costs.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES OF ALL COUNTS SO TRIABLE.**

THE PLAINTIFFS
By Their Attorneys,
BARRON & STADFELD, P.C.

_____
David Dwork (BBO#189560)
100 Cambridge Street, Suite 1310
Boston, MA 02114
(617) 723-9800

(570678)

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 11-1292 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|
| PLAINTIFF(S) Gerald Malloy and Lisa Malloy, Indiv. and as Parent and Next Friend of Ashley Malloy, Matthew Malloy, Daniel Malloy and Andrew Malloy | | DEFENDANT(S) Toys "R" Us, Inc. and Fisher-Price, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE David Dwork, Esq. Barron & Stadfeld, P.C; 100 Cambridge Street, Suite 1310, Boston, MA 02114; 617-723-9800; BBO# 139560 Board of Bar Overseers number: | | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX APR 15 2011 CLERK

A. Documented medical expenses to date:
1. Total hospital expenses ................................. $18,079.00
2. Total Doctor expenses .................................. $16,017.00
3. Total chiropractic expenses ............................ $
4. Total physical therapy expenses ........................ $
5. Total other expenses (describe) ..(radiology)........... $518.00
   Subtotal $34,614.00 approx
B. Documented lost wages and compensation to date ............. $10,000.00
C. Documented property damages to date ........................ $
D. Reasonably anticipated future medical and hospital expenses . $ unknown
E. Reasonably anticipated lost wages .......................... $ unknown
F. Other documented items of damages (describe)
   $44,614.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Fracture of the left arm (distal ulna) requiring surgery; left TFCC tear (triangular fibrocartilage complex) requiring surgery; left ulna nerve damage.
   $
   TOTAL $44,614.00

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 4/14/11

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000